

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 10, 1961

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW-1083

Re: Whether an independent
school district may place
proceeds from the sale
of bonds, not immediately
needed, on secured
interest bearing time
deposits with a state or
national bank of this
state other than its
school district depository.

Dear Mr. Edgar:

You have requested an opinion from this office to
determine whether an independent school district may place
proceeds from the sale of bonds, not immediately needed,
on secured interest bearing time deposits with a state or
national bank of this state other than its school district
depository.

The provisions of Article 2832, Vernon's Civil Stat-
utes, are applicable here and are set out in part below:

"In any independent district of more
than one hundred fifty (150) scholastics,
whether it be in a city which has assumed
control of the schools within its limits,
or a corporation for school purposes only,
and whether organized under general law or
created by special act, the treasurer of the
school fund shall be that person or corpora-
tion who offers satisfactory bond and the
best bid of interest on the average daily
balances /or time deposits/ for the privi-
lege of acting as such treasurer. The
treasurer when thus selected shall serve
for a term of two years and until his suc-
cessor shall have been duly selected and
qualified and he shall be required to give
bond in an amount equal to the estimated
amount of the total receipts coming an-
nually into his hands, when such bond is
a personal bond; provided, that when a

> bond is executed by a surety company or
> is a bond other than a personal bond, such
> bond shall be in an amount equal to the
> highest estimated daily balance for the
> current biennium, to be determined by the
> governing body of such school district;
> provided, further that such governing body
> may, in lieu of the bond herein authorized,
> accept a deposit of approved securities,
> which securities may include bonds of the
> United States, or of this State, or of any
> county, city, town or independent school
> district in the State, or Anticipation Tax
> Warrants and/or Anticipation Tax Notes
> legally issued by the governing body of
> such school district, which shall be
> deposited as such governing body may
> direct, in an amount sufficient to ade-
> quately protect the funds of such school
> district in the hands of the selected
> Treasurer."

The language used in the above statute is clear and there is no doubt but that deposits could only be made in the designated school district depository, under its provisions. The Legislature, in 1953, passed Article 2786d of Vernon's Civil Statutes which is set forth in part below:

> "From and after the effective date of
> this Act, any school district within the
> state which has or may have on hand any sums
> of money which are proceeds received from
> the issue and sale of bonds of any such
> school district, either before or after
> the effective date of this Act, which pro
> ceeds are not immediately needed for the
> purposes for which such bonds were issued
> and sold, may, upon order of the board of
> trustees of such school district, place the
> proceeds of such bonds on interest bearing
> time deposit, secured in the manner provided
> in Article 2832, Revised Civil Statutes,
> with a state or national banking corpora
> tion within this state, or invest the pro
> ceeds of such bonds in bonds of the United
> States of America or in other obligations
> of the United States of America, as may be
> determined by the board of trustees of the
> school district; . . ."

Article 2786d, Vernon's Civil Statutes, contained a clause repealing all laws or parts of laws which were in conflict with it to the extent of the conflict only. Under this act dealing specifically with the investment of the proceeds received from the issue and sale of bonds, there is no doubt that Article 2786d, Vernon's Civil Statutes, did repeal that part of Article 2832, Vernon's Civil Statutes, which limited such deposits to the designated depository.

However, in 1959, the Legislature amended Article 2832, Vernon's Civil Statutes, by House Bill 120, Acts 56th Legislature, Regular Session, 1959, chapter 48, page 94, by adding three words which have been placed in brackets in that portion of Article 2832, Vernon's Civil Statutes, quoted previously. The three words are "or time deposits."

It should be noted that Article 2832, as amended in 1959, does not contain a repealing clause and the language used is general, though the specific addition is made to include the words "or time deposits." It is a well accepted rule of statutory construction that the enactment of a general law does not ordinarily operate as a repeal of a particular or special law by implication, although both relate to the same subject matter. Flowers v. Pecos River Authority, 138 Tex. 18, 156 S.W.2d 260 (1941); 39 Tex. Jur. 149, Statutes, Sec. 81. In this particular instance, since Article 2832, Vernon's Civil Statutes, as amended in 1959, does not contain a repealing clause and is general in nature, it is the opinion of this office that an independent school district may place proceeds from the sale of bonds, which are not immediately needed, on secured interest bearing time deposits with a state or national bank of this state other than its school district depository.

## SUMMARY

An independent school district may place proceeds from the sale of bonds, not immediately needed, on secured interest bearing time deposits with a state or national bank of this state other than its school district depository.

Yours very truly,

WILL WILSON
Attorney General of Texas

Honorable J. W. Edgar, page 4 (WW-1083)

By _John C. Steinberger_
John C. Steinberger,
Assistant

JCS:ms:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
J. Arthur Sandlin
Dudley McCalla
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt